# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LINDA BAKER, on behalf of herself
and all others similarly situated,

    Plaintiff,

    v.                      Case No. 06-C-492

MUSCLETECH RESEARCH
AND DEVELOPMENT, INC.,

    Defendant.

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

On May 6, 2003, the named plaintiff commenced this action by filing a class action complaint in the Milwaukee County Circuit Court. The complaint relates to a product, "Hydroxycut," which is an ephedra-containing product manufactured by the defendant, Muscletech Research and Development, Inc. ("Muscletech"). The complaint sets forth causes of action sounding in false advertising and breach of warranty.

On April 14, 2006, the defendant removed the action to this court. The basis for removal is 28 U.S.C. §§ 1334 and 1452. Title 28 U.S.C. § 1334(b) provides, in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [Bankruptcy], or arising in or related to cases under title 11." Title 28 U.S.C. § 1452(a) in turn provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

The defendant maintains that this action is removable because it is "related to" a case under title 11. On January 18, 2006, a court appointed monitor and foreign representative of the defendant (Muscletech is a Canadian corporation) commenced an action under title 11 in the United States Bankruptcy Court for the Southern District of New York. In general, a dispute is "related to" the bankruptcy if it affects the amount of property available for distribution or the allocation of property among creditors. *UNR Industries, Inc. v. Continental Cas. Co.*, 942 F.2d 1101, 1103 (7th Cir. 1991). It appears that under this standard, the matter at hand is "related to" the title 11 case, and is therefore properly removable. In any event, the plaintiff has not filed a motion to remand the case to state court or otherwise challenged removal.

After the filing of the title 11 action, the Bankruptcy Court entered a temporary restraining order staying all product liability cases involving Muscletech and its subsidiaries. According to the defendant, the District Court for the Southern District of New York has since withdrawn the reference of the bankruptcy case from the Bankruptcy Court, and the matter is, therefore, now pending before the Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York. Also currently pending before Judge Rakoff is a multidistrict litigation proceeding relating to personal injury claims concerning ephedra-containing products, including Hydroxycut.

On April 24, 2006, the defendant filed a motion to transfer this case to the United States District Court for the Southern District of New York. The plaintiff has not filed any response to the defendant's motion to transfer. The defendant's motion to transfer is the subject of this order.

## I. STATUTES GOVERNING CHANGE OF VENUE

The defendant cites 28 U.S.C. § 1412 as authority for its motion to transfer this case to the Southern District of New York. That section provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Not all courts that have addressed the issue have concluded that § 1412 is the proper statute under which to consider transferring a case "related to" a title 11 proceeding. Many courts have concluded that the general change of venue statute, 28 U.S.C. § 1404(a), is controlling. *See Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 677 (S.D.W.Va. 2005) (collecting numerous cases coming down on both sides). The difference is that in some cases, and it appears that this is one of them, the case would be transferable under § 1412 but not under § 1404(a). This is because under § 1404(a), the case can only be transferred if it could have been brought in the transferee district, while § 1412 has no such restriction.

Section 1412 was preceded in the statute book by 28 U.S.C. § 1475. Section 1475 stated "[a] bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." Section 1475 fell into question, however, in the wake of *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). In *Northern Pipeline*, the Supreme Court held that portions of the Bankruptcy Act of 1978 were unconstitutional because they impermissibly vested judicial powers proper to Article III courts in non-Article III bankruptcy courts. *Id*. at 87. As a result, new legislation was passed, and § 1412 came to be.

Courts that have considered whether § 1412 or § 1404(a) is appropriate for considering whether to transfer a "related to" title 11 case have found the differences between § 1475 and § 1412

3

to be important. Some courts have found that, because § 1475 referred explicitly to "related to" cases, but § 1412 does not, this demonstrates that Congress did not intend "related to" cases to be transferable under § 1412. *See, e.g., Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 623 (N.D. Okla. 2000). Other courts have viewed the enactment of § 1412 in light of *Northern Pipeline*, and have concluded that, by enacting § 1412, Congress intended to place the judicial power back into the hands of Article III district courts, but did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation. *See, e.g., Dunlap*, 331 B.R. at 678.

I do not intend to embark on extensive analysis of this issue, in significant part because neither party in this action opposes transfer to the Southern District of New York (the plaintiff did not respond to the motion to transfer), and they therefore have not briefed the issue. Suffice it to say, in my opinion, the position taken by the *Dunlap* court better serves the interests of all involved. If § 1412 controls the transfer of "related to" cases, that does not necessarily mean that the case will be transferred. The court must still decide that transfer is "in the interest of justice or for the convenience of the parties" before it can transfer the case. If on the other hand, § 1404(a) controls, then even if it is in the interest of justice, and more convenient to all parties involved, there will be cases where transfer is impossible because, as previously noted, under § 1404(a) the case can only be transferred if it could have been brought in the transferee district. In the end, I do not think this was Congress' intent in enacting § 1412. I therefore conclude that, because this case is "related to" the title 11 case pending in the Southern District of New York, it can be transferred there pursuant to § 1412 if doing so is "in the interest of justice or for the convenience of the parties."

4

## II. THE INTEREST OF JUSTICE AND CONVENIENCE OF THE PARTIES

I have little trouble concluding that it is in the interest of justice and for the convenience of the parties to transfer this case to the Southern District of New York. As has already been stated, the same judge in that district is currently presiding over a multidistrict proceeding involving the product in question, Hydroxycut, as well as over Muscletech's bankruptcy proceeding. The plaintiff in this case will, in any event, probably need to be involved in the bankruptcy proceeding in the Southern District of New York in order to protect the interests of the putative class.

Moreover, there is a special consideration present in this case because Muscletech is a foreign corporation. According to Muscletech, its court appointed monitor and foreign representative has filed a motion in the bankruptcy proceeding requesting that proceedings currently ongoing in a Canadian court be recognized as "foreign main proceedings" pursuant to chapter 15 of the Bankruptcy Code, 11 U.S.C. § 1501 et seq. Given that one of the main purposes of chapter 15 is facilitating cooperation between the courts of the United States and foreign courts (*See* 11 U.S.C. § 1501), I find that the involvement of a Canadian court in this matter weighs heavily in favor of transferring this case to the Southern District of New York. Simply stated, cooperation will be better facilitated if all related matters are before one United States court.

Furthermore, and somewhat importantly, no party to this action has objected to transfer. Indeed, if there were some reason why transfer would not be "in the interest of justice or for the convenience of the parties," I would expect that the party adversely affected would have objected to transfer or brought such reason to my attention. No party having done so, I conclude that transfer to the Southern District of New York is "in the interest of justice or for the convenience of the parties."

Case 2:06-cv-00492-WEC   Filed 06/09/06   Page 5 of 6   Document 14

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to transfer this case to be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and hereby is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**SO ORDERED** this 9th day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge